IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CHARLENE MOORE,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | |
| : | CASE NO.: 7:16-CV-48-HL-TQL |
| Sheriff **CARLTON POWELL,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

In accordance with the Court's previous orders, *pro se* Plaintiff Charlene Moore, an inmate currently confined at the Pulaski State Prison in Hawkinsville, Georgia, filed a recast complaint under 42 U.S.C. § 1983 and sought leave to proceed without prepayment of the full filing fee. The United States Magistrate Judge granted Plaintiff's motions to proceed *in forma pauperis* but ordered Plaintiff to amend her recast complaint. Plaintiff was instructed that if she did not timely and fully comply with the Court's order, her action would be dismissed. Plaintiff was given twenty-one (21) days to respond to the Court's order. (Order, July 8, 2016, ECF No. 8.)

The time for compliance passed without a response. The Magistrate Judge therefore ordered Plaintiff to respond and show cause why her case should not be dismissed for failure to comply with the Court's orders and instructions. Plaintiff was given twenty-one (21) days to respond and was again warned that failure to comply with an order of this Court is grounds for dismissal. (Order, Aug. 15, 2016, ECF No. 9.)

The time for compliance has again passed without a response from Plaintiff. A district court may dismiss an action *sua sponte* for failure to prosecute or failure to obey a court order. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam). Thus, because of Plaintiff's failure to pay the required filing fee and failure to comply with the Court's instructions and orders, her Complaint may be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41.

Alternatively, Plaintiff's Complaint is subject to dismissal because it fails to state a claim upon which relief may be granted. As noted by the Magistrate Judge, Plaintiff alleges in her Recast Complaint that she was refused medical treatment for heart disease in the Thomas County Jail. (Recast Compl. 5, ECF No. 6.) Plaintiff alleges the nurse at the Thomas County Jail refused to see her despite her complaints of chest pain and that she was discriminated against on the basis of her race. *Id.* Plaintiff contends after she was transferred to Pulaski State Prison, she still "didn't get proper help that [she] needed after a long wait" and that she was denied medical treatment "even after [she] went to the warden." *Id.* Plaintiff further alleges she is still having difficulty receiving medical treatment. *Id.*

A prisoner who demonstrates that a prison official was deliberately indifferent to her serious medical needs can state a claim under the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude

of 'deliberate indifference' to that serious medical need." *Id.* A "serious medical need" for purposes of this analysis is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (alteration in original)).

Despite being given the opportunity to amend her Complaint to include additional information about her medical condition, Plaintiff has failed to provide sufficient facts about her heart condition or other illnesses to allow the Court to determine whether she was suffering from a "serious medical need." Plaintiff's vague description of her medical complaints does not demonstrate that her condition was ever diagnosed by a physician, obviously requires treatment, or poses a substantial risk of serious harm if left unattended. Accordingly, Plaintiff has failed to state an Eighth Amendment claim.

Even assuming Plaintiff had established a serious medical need, she has also failed to allege sufficient facts to allow the Court to conclude that any named Defendant was deliberately indifferent to that serious medical need. To establish deliberate indifference to a serious medical need, Plaintiff must show that a Defendant had (1) subjective knowledge of a risk of serious harm, and (2) disregarded that risk (3) by conduct that is more than gross negligence. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010). Because this test has a subjective component, "[e]ach individual Defendant must be judged

3

separately and on the basis of what that person knows." *Id.* at 1331.  Although Plaintiff was given the opportunity to do so, Plaintiff has still failed to name specific medical providers as Defendants in this action and has not provided enough detail about the specific medical care any named Defendant did provide—if any—to allow the Court to determine whether he or she acted with deliberate indifference. *See Leonard v. Dep't Corrs. Fla.*, 232 F. App'x 892, 895 (11th Cir. 2007) (per curiam) (dismissal of prisoner's Eighth Amendment claims was appropriate where prisoner "made some conclusory references to the defendants' 'deliberate indifference to serious medical needs'" but "alleged no facts to support such indifference").[1]  Plaintiff's Eighth Amendment medical deliberate indifference claims must therefore be **DISMISSED without prejudice.**

As also noted by the Magistrate Judge, it appears that Plaintiff may be attempting to sue the prison warden or wardens, the sheriff, or other prison officials in their supervisory capacities.  Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g.,*

---

[1] In her Recast Complaint, which supersedes her original Complaint, Plaintiff does not appear to name "V. Williams" as a Defendant in this case.  Plaintiff does name Defendant Smith, a prison officer, by name as a Defendant in her Recast Complaint, but the only allegation against Defendant Smith is that she was "aware of [Plaintiff's] condition." (Compl. 4.)  This conclusory statement is too vague to permit the Court to conclude that Defendant Smith was deliberately indifferent to Plaintiff's serious medical needs. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (holding that two defendants who were not physicians could "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor").

4

*Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).  A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.*  "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff's Complaint does not allege that any named Defendants personally participated in medical decision making, had any customs or policies regarding medical care, directed any subordinates to act unlawfully, or knew they were doing so and failed to stop them.  *See id.* at 805.  At most, Plaintiff alleges she "went to the warden" to seek help regarding her medical condition.  (Recast Compl. 5.)  Even assuming the warden was on notice of Plaintiff's complaints, such notice falls short of informing the warden of the kind of "widespread abuse" that is required to impose supervisory liability on a prison official.  *See Hendrix*, 535 F. App'x at 805 (plaintiff's contention that supervisors were on notice of need to correct constitutional deprivations because supervisors were aware of his administrative grievances and state court litigation was insufficient to establish that any alleged abuse was more than just an isolated occurrence).  Plaintiff's claims against any supervisory officials must thus be **DISMISSED without prejudice** for failure to state a claim.

Plaintiff may also be attempting to state an equal protection claim against Defendant Steve Jones when she alleges she was discriminated against because of her race.  (*See* Recast Compl. 4, 5.)  The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.  To properly plead an equal protection claim, a plaintiff must "allege that similarly situated persons have been treated disparately through state action."  *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005) (per curiam).  The Magistrate Judge warned Plaintiff that she had made no such allegation in this case, and Plaintiff has failed to amend her Recast Complaint to address this deficiency.  As such, any equal protection claims should be **DISMISSED without prejudice** for failing to state a claim.

Plaintiff finally mentions that some unknown party "refuse[d] to let [her] go to the law library to work on [her] case."  (Recast Compl. 5.)  As again noted by the Magistrate Judge, Plaintiff failed to name who denied her access to the law library.  Her claims could be dismissed on this ground alone.  *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).  In addition, however, Plaintiff also failed to allege that she suffered any actual injury as the result of such denial.  *See, e.g., Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 850 (11th Cir. 2008) (per curiam) ("A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must have suffered an 'actual injury.'").  Any access to courts

6

claims Plaintiff attempts to assert in this action must therefore be **DISMISSED without prejudice** for failing to state a claim.

Finally, to the extent Plaintiff seeks to name the Thomas County Jail, the Pulaski State Prison, or "Thomas County Medical" as a Defendant in this case, (*see* Recast Compl. 4), Plaintiff has failed to state a claim upon which relief may be granted. Detention facilities and medical departments are not entities are capable of being sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brannon v. Thomas County Jail,* 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (per curiam); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]"); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"); *Murphy v. Med. Dep't Chatham Cnty. Jail*, No. CV407-166, 2008 WL 371417, at *2 (S.D. Ga. Feb. 11, 2008) (holding that jail's medical department was not an entity subject to suit under § 1983).

In sum, the Court **DISMISSES** Plaintiff's claims **without prejudice**.[2] Plaintiff has failed to comply with the Court's orders and instructions, and Plaintiff's Recast Complaint as drafted fails to state a claim upon which relief may be granted.

---

[2]The applicable two year statute of limitations may bar plaintiff from refiling this claim. Therefore, the dismissal of this case could be, in effect, with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). However, Plaintiff was given an opportunity to amend her complaint and she failed to comply. Therefore, dismissal with prejudice is appropriate. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (dismissal with prejudice not an abuse of

**SO ORDERED**, this 29th day of September, 2016.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

---

discretion when court gave plaintiff one chance to amend and told him "the deficiency in the complaint and how it could be remedied").